## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

LEON CORDOVA,

      Petitioner,

v.                                                                              No. 20-cv-946-KWR-SCY

RICK MARTINEZ and
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

      Respondents.

### <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** is before the Court on Leon Cordova's 28 U.S.C. § 2254 Habeas Corpus

Petition (Doc. 1) (Petition).   Cordova argues counsel rendered ineffective assistance during his

state prosecution for rape.   Having screened the matter *sua sponte*, the Court finds Cordova failed

to file his Petition within the one-year limitation period, but will allow him to address the time-bar.

### BACKGROUND

The background facts are taken from the Petition and the state criminal dockets (Second

Judicial District Court Case No. D-202-CR-2011-02892 and New Mexico Supreme Court Case No.

S-1-SC-36350).   *See United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (recognizing

a court may take judicial notice of docket information from another court); *Mitchell v. Dowling,*

672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-

court docket sheet to confirm the date that each [state] motion was filed").

In 2015, a jury convicted Cordova of one count of first degree criminal sexual penetration

(child under 13) and four counts of contributing to the delinquency of a minor.   (Doc. 1 at 1).   The

state court sentenced him to a total term of nineteen and one-half years imprisonment.   *Id.*

Judgment on the conviction and sentence was entered September 14, 2015.   *Id.*   Cordova filed a

direct appeal to the New Mexico Court of Appeals, which affirmed the conviction and sentence. *Id.* at 2. The NMSC then denied certiorari relief on April 6, 2017. *Id.* at 3. The state docket reflects Cordova did not file a certiorari petition with the United States Supreme Court (USSC). *See* Docket Sheets in D-202-CR-2011-02892 and S-1-SC-36350. His conviction and sentence therefore became final no later than July 6, 2017, the first business day after expiration of the 90-day federal certiorari period. *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999) (for purposes of § 2254, a conviction becomes final when "the [USSC] has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the [USSC] has passed").

Over 18 months passed with no tolling activity. *See* Docket Sheet in D-202-CR-2011-02892. On January 28, 2019, Cordova filed a state habeas petition. (Doc. 1 at 3). The State Court denied the petition, and the NMSC denied certiorari relief on July 24, 2020. *Id.* at 6. About two months later, on September 17, 2020, Cordova filed the federal § 2254 Petition. He argues trial counsel was ineffective for failing to investigate, present exculpatory evidence, and file a pretrial evidentiary motion. *Id.* at 4-8. The matter is ready for screening pursuant to Habeas Corpus Rule 4.

## DISCUSSION

Relief from a state conviction is governed by Habeas Corpus Rule 4 and 28 U.S.C. § 2254. Habeas Corpus Rule 4 requires a *sua sponte* review of habeas claims. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief … the judge must dismiss the petition." Habeas Corpus Rule 4. "If the petition is not dismissed, the judge must order the respondent to file an answer…." *Id.* As part of the initial review process, "district

courts are permitted … to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day v. McDonough,* 547 U.S. 198, 209 (2006).   *See also United States v. Mitchell*, 518 F.3d 740, 746 (10th Cir. 2008) (noting courts may *sua sponte* dismiss an untimely habeas claims, and explaining: "habeas proceedings are different from ordinary civil litigation and, as a result, our usual presumptions about the adversarial process may be set aside").

Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after the defendant's conviction becomes final.   28 U.S.C. § 2244(d)(1)(A).   The one-year limitation period can be extended:

(1)      While a state habeas petition is pending, § 2244(d)(2);

(2)      Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3)      Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4)      Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D).

Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control."   *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

In this case, the one-year limitation period began to run no later than July 6, 2017, when the conviction became final.   *See Rhine v. Boone*, 182 F.3d at 1155.   There was no discernable tolling activity during the next year, and the limitation period expired on July 6, 2018.   Any state habeas petitions filed after that date did not restart the clock or otherwise impact the expired limitations

period.  *See Gunderson v. Abbott*, 172 Fed. App'x 806, 809 (10th Cir. 2006) ("A state court [habeas] filing submitted after the ... [one-year] deadline does not toll the limitations period."); *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (Section § 2254 "petitions cannot be tolled for time spent in state post-conviction proceedings because [petitioner's state] applications for post-conviction relief were not filed until after … the end of the limitations period").   Absent tolling, Cordova's Petition filed September 17, 2020 is time-barred.

In the section addressing "Timeliness of Petition," Cordova argues he is entitled to equitable tolling based on the actual innocence exception.   (Doc. 1 at 13).   "A claim of actual innocence may toll the [habeas] statute of limitations."   *Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007).   However, the "actual innocence exception is rare and will only be applied in the extraordinary case."   *Lopez v. Trani*, 628 F.3d 1228, 1231 (10th Cir. 2010) (quotations omitted). A habeas petitioner must "support his allegation[] … with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence— that was not presented at trial."   *Schlup v. Delo*, 513 U.S. 298, 324 (1995).   The petitioner must also "'persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'"   *Burke v. Bigelow*, 792 Fed. App'x 562, 565 (10th Cir. 2019) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)). Aside from citing the actual-innocence exception in passing, Cordova does not present any new, reliable evidence.   Accordingly, the Petition is insufficient to demonstrate actual innocence or otherwise toll the habeas limitation period.

Rather than dismissing the Petition outright, and in accordance with local custom, the Court will allow Cordova to file a response containing more information about the actual innocence

exception or other grounds for tolling.   The response must be filed within thirty (30) days of entry of this Order.   Failure to timely comply will result in dismissal of the habeas action without further notice.

**IT IS ORDERED** that within thirty (30) days of entry of this Order, Cordova must file a response showing cause, if any, why his § 2254 habeas petition should not be dismissed as untimely.

KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

5