# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

LEON CORDOVA,

    Petitioner,

v.                                                                                              No. 2:20-cv-00946-KWR-SCY

RICK MARTINEZ, *et al*,

    Respondents.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Leon Cordova's 28 U.S.C. § 2254 Habeas Corpus Petition (Doc. 1) (Petition). Cordova argues counsel rendered ineffective assistance during his state prosecution for rape. The Court previously directed him to show-cause why the claims should not be dismissed for failure to file within the one-year limitation period. Having reviewed the response, the Court will dismiss the Petition with prejudice.

## BACKGROUND[1]

In 2015, a jury convicted Cordova of one count of first degree criminal sexual penetration (child under 13) and four counts of contributing to the delinquency of a minor. *See* Doc. 1 at 1. The State Court sentenced him to 19.5 years imprisonment. *Id*. Judgment on the conviction and sentence was entered September 14, 2015. *Id*. Cordova filed a direct appeal with the New Mexico Court of Appeals (NMCA), which affirmed the conviction and sentence. *Id.* at 2. The NMSC then denied certiorari relief on April 6, 2017. *Id.* at 3. The state docket reflects Cordova did not file a certiorari petition with the United States Supreme Court (USSC). *See* Docket Sheets

---

[1] The background facts are taken from the Petition and the state criminal dockets, Second Judicial District Court Case No. D-202-CR-2011-02892 and New Mexico Supreme Court (NMSC) Case No. S-1-SC-36350. *See United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (courts may take judicial notice of docket information from another court); *Mitchell v. Dowling*, 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet").

in D-202-CR-2011-02892 and S-1-SC-36350. His conviction and sentence therefore became final no later than July 6, 2017, the first business day after expiration of the 90-day federal certiorari period. *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999) (for purposes of § 2254, a conviction becomes final when "the [USSC] has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the [USSC] has passed").

Over 18 months passed with no discernable tolling activity. *See* Docket Sheet in D-202-CR-2011-02892. On January 28, 2019, Cordova filed a state habeas petition. *See* Doc. 1 at 3. He argued, inter alia, that Jane Rocha de Gandara (Trial Counsel) was ineffective for not pursuing a defense based on the victim's positive chlamydia test and Cordova's later negative test. At an evidentiary hearing, Trial Counsel testified that Cordova admitted to her that he had chlamydia at the time of the rape. *Id.* at 43. The State Court denied the habeas petition, and the NMSC denied certiorari relief on July 24, 2020. *Id.* at 6.

Cordova filed the § 2254 Petition on September 17, 2020. He again raised claims for ineffective assistance of counsel. The Court screened the Petition under Habeas Corpus Rule 4 and determined it was plainly time-barred. *See* Doc. 4 ("Screening MOO"); *see also Day v. McDonough,* 547 U.S. 198, 209 (2006) (As part of the initial review process, "district courts are permitted … to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition"). The Screening MOO directed Cordova to show cause why the case should not be dismissed. A Criminal Justice Act (CJA) panel attorney, who was not appointed in this case, filed a show-cause response on behalf of Cordova. *See* Doc. 5. The Court will address the unauthorized filing before turning to the habeas claims.

## DISCUSSION

### A. Unauthorized Filing by Counsel

There is no constitutional right to counsel in post-conviction proceedings. *See Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). The Court may appoint counsel for a financially eligible person "seeking relief under section 2241, 2254, or 2255 of title 28," if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Counsel is typically only appointed in federal habeas cases "where Congress, the Supreme Court, or the Sentencing Commission explicitly move to correct some error of law on a retroactive basis." Administrative Order entered June 16, 2020, Doc. 24 in 20-mc-0004. On August 13, 2020, the Court established a procedure requiring the Office of the Federal Public Defender (FPD) to file a motion requesting counsel in post-conviction cases. *See* Doc. 30 in 20-mc-0004. The Administrative Order warned that "the Court will not entertain *ex parte* or other informal requests for the appointment of post-conviction counsel." *Id.*

On September 29, 2020, a few days after the Court entered the Screening MOO in this case, the FPD's CJA Reference Counsel emailed chambers to request the appointment of counsel. The Court's staff directed him to file a motion. It appears the CJA Reference Counsel then contacted panel attorney Ryan Villa (Habeas Counsel), who represented Cordova in the state habeas proceeding and who filed a show-cause response in this case without an appointment. *See* Doc. 6. Although the show-cause response contains a request for appointment in the last paragraph, it primarily raises facts, case law, and arguments about why the case should not be dismissed. Cordova did not file a show-cause response, possibly because he believed Habeas Counsel was appointed to represent him.

The Court will consider the arguments in the unauthorized counseled response because they do not impact the outcome in this case. However, the Court will deny any request for a formal appointment of counsel and any CJA vouchers for work performed without an appointment. Both attorneys are admonished not to circumvent the Court's Administrative Orders.

### B. Timeliness of the Habeas Claims

Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after the defendant's conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period can be extended:

(1) While a state habeas petition is pending, § 2244(d)(2);

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D).

Because the limitation period is not jurisdictional, equitable tolling may also be available in extraordinary circumstances. *See Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

Here, the one-year limitation period began to run no later than July 6, 2017, when the conviction became final. *See Rhine*, 182 F.3d at 1155. There was no state court activity during the next year. Absent tolling, the limitation period expired on July 6, 2018. Any state habeas petitions filed after that date did not restart the clock or otherwise impact the expired limitations period. *See Gunderson v. Abbott,* 172 Fed. App'x 806, 809 (10th Cir. 2006) ("A state court

4

[habeas] filing submitted after the ... [one-year] deadline does not toll the limitations period."); *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (same).

The Screening MOO explained the above principles and set out the State Court timeline along with the legal standards for statutory and equitable tolling. *See* Doc. 4. The show-cause response does not dispute the timeline. *See* Doc. 6. Cordova seeks equitable tolling because Habeas Counsel mistakenly advised him that the statute of limitations runs from the conclusion of the state habeas proceedings, rather than when the Judgment becomes final. *Id.* at 1-2. Habeas Counsel had not worked on a similar matter for several years and failed to double-check the law. *Id.* at 2. Alternatively, the show-cause response seeks statutory tolling because Habeas Counsel did not obtain a laboratory report used in the state habeas proceeding until August of 2019. *Id.* at 2-3. Cordova's original Petition also purports to raise a claim for actual innocence as a basis for tolling. *See* Doc. 1 at 13. The Court will address each below.

*(i) Equitable Tolling*

Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000). "Habeas counsel's negligence is not generally a basis for equitable tolling." *Fleming v. Evans*, 481 F.3d 1249, 1255 (10th Cir. 2007). To obtain relief, the petitioner must demonstrate an attorney's conduct constitutes "far more than … 'excusable neglect.'" *Holland v. Florida*, 560 U.S. 631, 651-52 (2010). For example, a "garden variety … miscalculation that leads a lawyer to miss a filing deadline does not warrant equitable tolling." *Id*. Habeas "clients, even if incarcerated, must 'vigilantly oversee,' and ultimately bear responsibility for, their attorneys' actions or failures." *Fleming v. Evans*, 481

5

F.3d at 1255-56. On the other hand, equitable tolling is available based on "[p]articularly egregious" conduct such as failing to follow through on "repeated, deceitful assurances that a habeas petition would soon be filed." *Trujillo v. Tapia*, 359 Fed. App'x 952, 955 (10th Cir. 2010).

The Tenth Circuit has repeatedly refused to apply equitable tolling where, as here, habeas counsel negligently misapprehended the requirements of 28 U.S.C. §§ 2244 and 2254. *See Fleming*, 481 F.3d at 1256 (citing cases for the proposition that equitable tolling is not available based on "attorney error, miscalculation, inadequate research," or "a mistake by a party's counsel in interpreting a statute of limitations") (quotations omitted); *Jones v. Romero*, 835 Fed. App'x 973, 978 (10th Cir. 2020) (declining to apply equitable tolling where petitioner "received improper advice [regarding the statute of limitations] within AEDPA's one-year window"); *Chavez v. Franco*, 794 Fed. App'x 741, 745 (10th Cir. 2019) (finding no extraordinary circumstance to justify tolling where "state post-conviction counsel was ineffective for failing to assert all of the claims in a timely fashion in the New Mexico state courts"); *Montoya v. Milyard*, 342 Fed. App'x 430, 432 (10th Cir. 2009) (The failure to "notify [petitioner] of the statute of limitations" constitutes ordinary negligence and is not grounds for tolling); *Mullins v. Allbaugh*, 663 Fed. App'x 628, 632 (10th Cir. 2016) (declining to apply equitable tolling where petitioner went "through at least five lawyers, one of whom sat on the case for many years and was eventually disbarred"). Cordova therefore cannot obtain equitable tolling based on Habeas Counsel's miscalculation of, and inadequate research on, the statute of limitations.

### B. Statutory Tolling

Cordova also argues his Petition is timely under 28 U.S.C. § 2244(d)(1)(D). That section provides the limitation period does not begin to run until "the date on which the factual predicate

6

of the claim … could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Cordova's claims are predicated on the fact that the victim tested positive for chlamydia shortly after the September 27, 2010 rape, and he tested negative on November 2, 2010. Trial Counsel was aware of the negative result but never obtained a copy of the laboratory report, for reasons discussed below, and Habeas Counsel was purportedly unable to locate the report until August of 2019. *See* Doc. 6 at 2-3.

By its terms, § 2244(d)(1)(D) applies to knowledge of the facts, not the collection of documentary evidence. Cordova knew about his negative result and raised the issue on direct appeal in 2015, years before the limitation period expired (without tolling) in 2018. *See State v. Cordova,* 2016 WL 7326890, at *3 (N.M. App. Nov. 22, 2016) (finding the issue was not preserved). The fact that Habeas Counsel obtained a physical copy of the laboratory report in August of 2019 does not trigger a new one-year period under 28 U.S.C. § 2244(d)(1)(D).

    *C. Actual Innocence Exception*

In the section addressing "Timeliness of Petition," Cordova argues he is entitled to equitable tolling based on the actual innocence exception. *See* Doc. 1 at 13. "A claim of actual innocence may toll the [habeas] statute of limitations," but the exception is rare. *Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007). A habeas petitioner must "support his allegation[] … with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The petitioner must also "'persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Burke v. Bigelow*, 792 Fed. App'x 562, 565 (10th Cir. 2019) (quotations omitted). Aside from

7

maintaining his innocence in passing, Cordova does not present any new, reliable evidence. The Petition is therefore insufficient to demonstrate actual innocence or otherwise toll the habeas limitation period. Having determined Cordova is not entitled to equitable or statutory tolling, the Court will dismiss the Petition as time-barred.

### C. Merits of Habeas Claims

Even if the claims were timely, the Court alternatively finds they fail on the merits. To obtain habeas relief, a petitioner must demonstrate the state court ruling resulting in a decision that: (1) "was contrary to … clearly established federal law," (2) "involved an unreasonable application of clearly established federal law," or (3) "was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). The State Court identified the "correct governing legal principle in existence at the time" – *i.e.,* ineffective assistance of counsel under *Strickland v. Washington,* 466 U.S. 668, 687 (1984). This Court therefore "must assess whether the [state] decision 'unreasonably applies that principle to the facts of the prisoner's case." *Cullen v. Pinholster,* 563 U.S. 170, 182 (2011). Significantly, an "unreasonable application of" federal law under "must be objectively unreasonable, not merely wrong." *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014) (quotations omitted). "[E]ven clear error will not suffice." *Id. See also Wood v. Allen*, 558 U.S. 290, 301 (2010) ("a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance"). The Court must presume the correctness of the fact findings unless petitioner rebuts that presumption "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Essentially, the standards set forth in § 2254 are designed to be "difficult to meet," *Harrington v. Richter,* 562 U.S. 86, 102 (2011), and require federal habeas courts to give state court

8

decisions the "benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). A state prisoner ultimately "must show that the state court's ruling ... was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103.

Cordova raises claims for ineffective assistance by counsel. Such claims must meet the two-prong test set forth in *Strickland*, 466 U.S. at 687. First, the petitioner must show "[c]ounsel's performance was deficient" and fell below an objective standard of reasonableness based on prevailing professional norms. *Id.* at 687–88. The second prong of *Strickland* requires "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 693-694. Standing alone, the *Strickland* standard is "highly deferential." *Id.* at 689. Coupled with § 2254(d)(1), this Court's review of the state ruling is "doubly deferential." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). This Court must "defer to the state court's determination that counsel's performance was not deficient and, further, … to the attorney's decision in how to best represent a client." *Byrd v. Workman*, 645 F.3d 1159, 1168 (10th Cir. 2011).

Cordova raises three ineffective-assistance claims, which are all predicated on what he calls the "chlamydia defense." *See* Doc. 1 at 5, 7-8, 43; Petitioner's Proposed Findings and Conclusions on Habeas Relief at 13-14, filed December 19, 2019 in D-202-CR-2011-02892 (hereinafter, "Cordova's Proposed Findings").[2] The rape occurred on September 27, 2010; the 12-year old

---

[2] The Petition attaches a copy of the State Court order denying habeas relief, which includes the findings and conclusions stemming from the evidentiary hearing. *See* Doc. 1 at 16. However, the attachment contains unrelated documents that appear in the middle of the order. The Court will file a clean copy of the State Court order in this record along with a copy of Cordova's Proposed Findings. Those documents are included in the federal record for completeness, and to show which portions the State Court order were uncontested.

victim tested positive for chlamydia on October 4, 2010; and Cordova tested negative for that infection on November 2, 2010. *See* Doc. 1 at 27; Cordova's Proposed Findings at 7, 9, 11. Cordova's wife also tested negative for chlamydia in 2013. *See* Doc 1 at 29. Cordova argues Trial Counsel erred by failing to:

> (Ground 1): Present evidence, including expert testimony, about Mr. and Mrs. Cordova's negative tests;
>
> (Ground 2): Investigate the negative tests or consult an expert about their significance; and
>
> (Ground 3): File a N.M. Rule 11-412 motion to show the victim engaged in other sexual behavior, which would allow Trial Counsel to cross-examine her about other sources of infection.

Doc. 1 at 5, 7, 8.

The State Court rejected these claims after an evidentiary hearing, and the NMSC affirmed. *See* Doc. 1 at 3, 43-46. According to Trial Counsel, the chlamydia defense was predicated on a lie, and Cordova was in fact positive for that infection on the date of rape. *Id.* at 43. The State Court found that Trial Counsel made a reasonable, strategic decision not to pursue the defense. *Id.* at 43-44. The State Court further found such defense would not have created a reasonable doubt respecting guilt or changed the result at trial. *Id.* at 47, 54.

Viewing the decision with double deference, the Court agrees. It is uncontested that the 12-year old victim tested positive for chlamydia after the rape, and Trial Counsel testified that Cordova admitted to having chlamydia on the date of the incident. *See* Cordova's Proposed Findings at 13, 26; Doc. 1 at 5, 43. Cordova maintains he never said that to Counsel. *Id.* He presented evidence from a physician, who testified it was unlikely Cordova had chlamydia on September 27, 2010 based on later negative tests. *See* Cordova's Proposed Findings at 24-27; Doc. 1 at 31-34. The State Court ultimately accepted Trial Counsel's testimony as credible, and

10

Cordova has not presented clear, convincing evidence that would allow the Habeas Court to second guess that determination. *See Messer v. Roberts,* 74 F.3d 1009, 1013 (10th Cir. 1996) (federal habeas courts "may not weigh conflicting evidence nor consider the credibility of witnesses"). The State Court found, and this Court agrees, that Trial Counsel made a reasonable, strategic decision not to investigate or pursue the chlamydia defense. *See Meadows v. Lind*, 2021 WL 1827152, at *4 (10th Cir. May 7, 2021) (petitioner bears a heavy burden to overcome the presumption that "counsel's…action might be considered sound trial strategy") (quoting *Strickland,* 466 U.S. at 694). Given what Trial Counsel knew, opening the door to Cordova's medical history could lead to the discovery of an earlier infection, effectively confirming his guilt.

Finally, the Court agrees that even if Cordova could show deficient performance, he cannot show prejudice. The evidence did not hinge on an infection. Cordova admits that he and a friend took children (ages 12 and 13) to a hotel room where the girls consumed alcohol. *See* Cordova's Proposed Findings at 4-5. Two eyewitnesses—Cordova's friend, Gabaldon, and 13-year old Q.D.—testified they saw Cordova having intercourse with the 12-year old victim. *See* Cordova's Proposed Findings at 4-5; Doc. 1 at 30. Although the jury asked about the victim's prior sexual experiences, they also asked to re-review the testimony by Gabaldon and Q.D. *See* Cordova's Proposed Findings at 18; Doc. 1 at 24. Setting aside the record, the existence or absence of a sexually transmitted disease is not indicative of whether a person was raped. Cordova has therefore not established prejudice or that the underlying habeas ruling constitutes an "extreme malfunction in the state criminal justice system." *Woods*, 135 S. Ct. at 1376. The Petition fails under both prongs of the *Strickland* test.

The Court will dismiss the Petition as time-barred and because it alternatively lacks merit.

The Court will also deny a certificate of appealability under Habeas Rule 11, as Cordova has not demonstrated "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS ORDERED** that to the extent Ryan Villa's Declaration (**Doc. 6**) requests the appointment of counsel, such request is **DENIED**.

**IT IS FURTHER ORDERED** that Leon Cordova's 28 U.S.C. § 2254 Habeas Corpus Petition (**Doc. 1**) is **DISMISSED WITH PREJUDICE**; a certificate of appealability is **DENIED**; and the Court will enter a separate judgment closing the case.

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**